IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| A.A., *et al.*, ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Case No. 1:25-cv-1819 (AJT/WEF) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| STATE, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

## DEFENDANTS' MOTION TO VACATE THE SCHEDULING ORDER

Defendants, by and through undersigned counsel, respectfully move this Court to vacate its February 13, 2026, initial scheduling order (Dkt. 44), and vacate the deadline to file a joint discovery plan and the initial pretrial conference (Dkt. 48), in light of Defendants' pending Motion to Dismiss or in the Alternative to Transfer (Dkt. 39-41) (hereinafter Defendants' Motions). The grounds and good cause for the instant motion are as follows:

1. Plaintiffs filed the instant Complaint claiming Defendants' application of Presidential Proclamation 10949 denying derivative Plaintiffs boarding foils violates the United States Constitution and Administrative Procedure Act ("APA"). Dkt. 1. Defendants timely filed a pre-answer dispositive motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative to transfer, on February 11, 2026. Dkt. 39-41.

2. At present, Plaintiffs must respond to Defendants' motions on or before March 13, 2026; Defendants' reply brief is due to be filed on March 27, 2026. Dkt. 43. The motion is currently set for a hearing on April 15, 2026. Dkt. Entry (Feb. 13, 2026).

3. On February 13, 2026, this Court entered its standard initial scheduling order, which provides that discovery may commence immediately, with discovery set to close on June 12, 2026. Dkt. 44. The deadline to file a joint discovery plan is March 18, 2026 and the initial pretrial conference is scheduled for March 25, 2026.[1] Dkt. 48.

4. Given the nature of Plaintiffs' claims and the procedural posture of this action, specifically, where Defendants have raised numerous threshold legal arguments regarding dismissal including a lack of subject matter jurisdiction, and have moved to transfer the instant action to the United States District Court for the District of Maryland, Defendants respectfully request that the Court vacate the initial scheduling order. *See, e.g.*, Order, *Indus. Sec. Integrators, LLC v. Def. Manpower Data Ctr.*, No. 1:18-cv-373-AJT-IDD (E.D. Va. June 15, 2018), ECF No. 39 (vacating scheduling order pending resolution of motion to dismiss); Order, *Balter v. United States*, No. 1:17-cv-1188-AJT-JFA (E.D. Va. Feb. 28, 2018) (Trenga, J.), ECF No. 13 (same); *cf.* Order, *Barnhill v. Garland*, No. 1:21-cv-1377-AJT-WEF (E.D. Va. Mar. 3, 2022), ECF No. 17 (staying discovery pending resolution of motion to dismiss).

5. Requiring the parties to draft a proposed discovery plan and attend a pretrial conference before this Court has the chance to consider Defendants' jurisdictional arguments and arguments in support of transfer to District of Maryland requires both parties, and more importantly, this Court, to expend resources that may ultimately become unnecessary once the

---

[1] On March 4, 2026, the parties jointly asked the Court to continue the initial pretrial conference from March 11, 2026 until March 25, 2026, in light of the parties' ongoing discussions regarding Plaintiffs' request for the production of the certified Administrative Record and the potential transfer of the instant action to the United States District Court for the District of Maryland. *See* Dkt. 47. Although those discussions are ongoing, because of the nature of Plaintiffs' claims and the procedural posture of this action, specifically, where Defendants have raised numerous threshold legal arguments regarding dismissal including a lack of subject matter jurisdiction and have moved to transfer the instant action to the United States District Court for the District of Maryland, Defendants respectfully request that the Court vacate the initial scheduling order.

Court rules on Defendant's motions. After the hearing on the Defendants' Motions, the parties can take into account what if any claims remain, whether this action should be transferred to the District of Maryland, and whether discovery is even appropriate in this action, where of course APA claims are governed by an administrative record.[2] Proceeding with discovery before the Court has the opportunity to consider Defendants' Motions to Dismiss and to Transfer would impose hardships on both parties. For one, because the Motions will not be fully briefed and argued until *two months* into the discovery period, both parties would be required to engage in time-intensive and costly discovery without the benefit of this Court's decision on whether Plaintiffs' claims can even proceed, in this Court or elsewhere. Should the Court determine that Plaintiffs' claims in fact cannot proceed, vacating the scheduling order would allow both parties to avoid unnecessary expenditure of time and resources. Similarly, if the Court dismisses or narrows some of Plaintiffs' claims, the parties can thereafter limit discovery to the remaining claims.

6. For these reasons, Defendants respectfully request that the Court vacate its current scheduling order pending adjudication of Defendants' Motions to Dismiss and to Transfer. Such relief would not prejudice any party. Plaintiffs do not need discovery to oppose the Motions, which are based entirely on their own complaint. And if at least one of Plaintiffs' claims survives dismissal, the Court could easily re-issue its scheduling order at that time.

7. A proposed order is attached for the Court's convenience.

Dated: March 11, 2026                                      Respectfully submitted,

---

[2] It is worth noting that even if Defendants do not prevail on its motion to dismiss as to Plaintiffs' APA claims, discovery remains inappropriate. *Tafas v. Dudas*, 530 F. Supp. 2d 786, 793 (E.D. Va. 2008) ("Because judicial review of agency action is generally limited to the administrative record, discovery is typically not permitted."). In the rare instances in which limited discovery is permitted, courts order it after a showing by the plaintiffs that the administrative record is incomplete. *Tafas*, 530 F. Supp. 2d at 794-95 (citing cases).

TODD W. BLANCHE
Deputy Attorney General


_____/s/_____
ELIZABETH A. SPAVINS
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:    (703) 299-3785
Fax:   (703) 299-3983
Email: Lizzie.Spavins@usdoj.gov
*Counsel for Defendants*