**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| A.A., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-1819-AJT-WEF |

## <u>ORDER</u>

This matter comes before the Court on Plaintiffs' motion to seal. Dkt. 85. Plaintiffs seek to permanently maintain under seal the following document: unredacted Exhibit B to Plaintiffs' Submission Pursuant to the Court's Order Dated May 1, 2026. At Defendants' request, Plaintiff also moves to maintain under seal: (1) unredacted submission pursuant to the Court's Order dated May 1, 2026; and (2) unredacted Exhibits B and C to Plaintiffs' Submission Pursuant to the Court's Order dated May 1, 2026. Plaintiffs also move to provisionally seal (3) unredacted Exhibit F to Plaintiffs' Submission Pursuant to the Court's Order dated May 1, 2026 because they understand Defendants may view information in it as protected.

Defendants have not filed a memorandum in support of Plaintiffs' Motion. As required by Local Civil Rule 5, Defendants were required to file a memorandum as to the documents they requested Plaintiffs seek sealing for. "When a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion." *Id.* The docket in this matter reflects a "Sealed Response/Reply/Opposition re 85 Motion to Seal" filing by Defendants. *See* Dkt. 87. However,

the filing and its attachments do not contain a memorandum. Instead, the filings are the unredacted versions of the documents at issue.

Plaintiffs, on the other hand, did support a memorandum in support of their Motion to Seal as to unredacted Exhibit B of Plaintiffs' Submission Pursuant to the Court's Order dated May 1, 2026. Dkt. 86. Unredacted Exhibit B identifies the identities of Plaintiffs' wives and children who were left behind in Afghanistan following the fall of the U.S.-allied government to the Taliban (Derivative Plaintiffs), the identities of their fathers and husbands (Asylee Plaintiffs), Asylee Plaintiffs' affiliation with the U.S.-led effort to combat the Taliban, Derivative Plaintiffs' whereabouts, and that Derivative Plaintiffs are seeking refuge in the United States. Plaintiffs assert that if Derivative Plaintiffs are identified as participating in this lawsuit—either through the disclosure of their names or the names of their father or husband—they will be put at serious risk of violence. Plaintiffs also represent Defendants do not object to sealing this Exhibit.

When presented with a request to seal judicial records or documents, the Court must comply with certain substantive and procedural requirements. Courts "must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

The Court has reviewed the Motion and Memorandum in Support and finds that sealing Exhibit B is appropriate. The requirements for filing under seal have been met: (1) Plaintiffs notified the public of this request by publicly filing the Motion to Seal and accompanying memorandum; (2) the Court has considered less drastic alternatives to sealing and there are no less drastic alternatives that would protect the individuals' interests (3) the public's interests in

accessing the sensitive information contained in the filings is outweighed by the interest in preserving the sensitive information.

Accordingly, it is hereby

**ORDERED** Plaintiffs' Motion to Seal (Dkt. 85) is **GRANTED IN PART** as to Exhibit B; it is further

**ORDERED** Plaintiffs' Motion to Seal (Dkt. 85) is **DENIED IN PART** as to Exhibits C, F, and Submission Pursuant to the Court's Order dated May 1, 2026; it is further

**ORDERED** Defendants shall have fourteen (14) days from entry of this Order to file an accompanying memorandum to the Motion to Seal if they still seek the relief sought; and it is further

**ORDERED** if no response is received from Defendants within fourteen (14) days of this Order, the Clerk's Office is directed to unseal Exhibit C, Exhibit F, and the Submission Pursuant to the Court's Order dated May 1, 2026 (Dkt. Nos. 87, 87-2, & 87-3).

**ENTERED** this 5th day of August, 2026.

WILLIAM E. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE