# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
-------------------------------------------------------------------x

**AA et al,**

Plaintiff,

v.

United States Department of State, *et al.*,

Defendants.
-------------------------------------------------------------------x

Civil Action No.
1:25-cv-1819-AJT-WEF

## <u>DECLARATION OF STUART R. WILSON</u>

I, Stuart Wilson, hereby declare under penalty of perjury:

1.      I am employed by the U.S. Department of State as the Deputy Assistant Secretary of State for Visa Services, Bureau of Consular Affairs. The Visa Office provides guidance to U.S. embassies and consulates around the world on a broad range of policy and procedural issues related to the adjudication of visa applications. I make this declaration based on my personal knowledge and information made available to me in the course of my official duties.

2.      Presidential Proclamations 10949 and 10998 suspend the entry of noncitizens from Afghanistan and other designated countries based on an interagency determination that vetting and screening information from those countries is insufficient to adequately assess admissibility. The vetting deficiencies identified in the underlying report to the President with respect to Afghanistan remain unresolved as of the date of this declaration, and consular officers continue to face the same information gaps that originally warranted the Proclamations' issuance.

3.      Consular officers perform services on behalf of U.S. Citizenship and Immigration Services (USCIS) to facilitate case processing abroad for following-to-join derivative asylees

(FTJ-As), including by conducting an individualized assessment of eligibility at the time of boarding foil issuance. Compelling the Department to issue boarding foils to the derivative Plaintiffs on a compressed timeline set by court order would require consular officers to conduct this eligibility review under artificial time constraints, undermining the individualized, careful review that the Proclamations are designed to ensure for nationals of countries with deficient vetting infrastructure.

4.      Consistent with Department guidance implementing its role as performing services on behalf of USCIS, standard consular processing for FTJ-As requires applicants to complete a medical examination (generally valid for six months, requiring a full repeat if lapsed) and clear required security checks before a boarding foil may be issued. See 9 FAM 203.5-11; 9 FAM 203.5-9; 9 FAM 203.5-12. The security check process requires interagency coordination with USCIS to resolve derogatory information and cannot be unilaterally accelerated by the Department. The Court's order requires issuance of boarding foils within a fixed number of days without regard to whether these standard processes—applied to every FTJ-A applicant—have been completed in the ordinary course, effectively directing the Department to bypass or compress established procedures for the named Plaintiffs alone. Expediting these steps for the named derivative Plaintiffs would not only divert appointments from other pending applicants and afford them better treatment than similarly situated applicants proceeding through standard review, but would also require the Department to divert finite consular adjudication and security-vetting resources away from its other case-management priorities, disrupting the orderly processing of the broader caseload. This diversion risks compressing security-vetting procedures below the timeframe those processes require.

5.      Permitting the named derivative Plaintiffs to be admitted to the United States before the Fourth Circuit has had the opportunity to resolve the government's appeal would create a harm that cannot be undone if the government ultimately prevails. Once admitted, the named derivative Plaintiffs would be present in the United States, and their removal — if later required based on the discovery of information not available to the consular officer as a result of the compressed review or issuance ordered by the court — would raise significant humanitarian, logistical, and legal complications. By contrast, a stay pending appeal preserves the status quo, and does not foreclose, the Derivative Plaintiffs' ability to obtain the relief they seek if the government's appeal is unsuccessful.

6.      I understand that the district court's Order applies not only specifically to the individual Plaintiffs in this action, but also to all FTJ-As not party to this litigation.  Granting judicially compelled processing therefore necessarily diverts the Department's finite consular adjudication and security-vetting resources away from other classes of applicants whose cases have been pending for a comparable or longer period, delaying adjudication of those cases and straining the Department's limited staff and resources, pending resolution of the government's appeal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed August 12, 2026.

Stuart R. Wilson
Deputy Assistant Secretary of State
Visa Office
Bureau of Consular Affairs
United States Department of State.